Powell, J.
In case No. 638 an application was made that several of the defendants named should be cited to show cause why they should not be proceeded against for contempt of court in violation of the injunction allowed in the court of common pleas in that they persisted in doing the things for which they were enjoined immediately after said injunction was dissolved in the court of common pleas, which was done upon the hearing of the case on its merits and before the perfection of an appeal by the plaintiff in the court of appeals.
The statutes provide that an appeal may be perfected upon the dissolution of an injunction within ten days, and that the court dissolving said injunction may suspend its order of dissolution for ten days to allow such appeal to be perfected. This, however, was not done in this ease. The dissolution of the injunction was entered as the order of the court on the 21st day of May, 1914, and the appeal bond was filed on the 26th day of May, 1914. Be *573 tween these two dates certain contracts, which the village had entered into for the purpose of erecting an electric light plant, were changed and a large amount of money was paid or agreed to be paid in the construction of said plant pursuant to such change in the contract. Some of these changes were made after the appeal bond had been filed in this court which perfected the appeal.
It is contended that the fifing of an appeal bond did not renew the order of injunction that existed in the court of common pleas before the dissolution of such an order. This court is of the opinion that the filing of an appeal bond and the perfecting of an appeal suspends the order of the court of common pleas dissolving the injunction and thereby leaves the same in full force. This was held by the district court of Hamilton county in the ease of Caldwell v. High, 6 O. D. Re-print, 1037, and the judgment of that court was affirmed by the Supreme Court. The statute exists in practically the same form as it existed when this decision was made, and we hold that from and after the filing of the appeal bond the injunction allowed in the court of common pleas was in full force, and we find from the evidence that the different defendants charged with violating the order of injunction did violate the same. And while they claim that such violation was upon the advice of their counsel, the city solicitor, we think that is not a defense, although it may be considered in mitigation of the actions of the defendants in violating said injunction.
It is the judgment of the court that the charges against the defendants named, constituting the board of public affairs in said village, together with H. D. Shannon, one of the contractors of said village, are sustained, and that each of them should pay a fine of $25, together with an equal share of any costs made in such proceedings in contempt.
Motion for a new trial, if one is filed, will be overruled and exceptions may be noted.
Voorhees, J., and Shields, J., concur.